**STATE OF VERMONT**
**ENVIRONMENTAL COURT**

|  |  |  |
|---|---|---|
| | } | |
| Appeal of Stohl | } | Docket No. 98-6-04Vtec |
| | } | |

### Decision and Order on Cross-Motions for Summary Judgment

Several pre-trial Motions are now pending before the Court, all relating to Questions #1 & 2 of Appellant's Statement of Questions. For the reasons more particularly stated below, we find that Kristin & Julia Haupt's re-submission of their application for a conditional use permit is properly before this Court. The second issue raised by the parties'[1] pending Motions – whether site plan approval is also required before a zoning permit may issue – is a more vexing question, the analysis of which is below.

For purposes of the pending Motion, we find the following material facts are undisputed unless otherwise noted.

1. Kristin & Julia Haupt (hereinafter Appellee-Applicants) own a 73.3-acre parcel off of Riford Brook Road and within the Town of Braintree's Rural II zoning district. Located on the property are Appellee-Applicant's single family residence and a garage, part of which contains Appellee-Applicants' tanning business.

2. Appellee-Applicants propose to build a 32' x 50' 3-bay garage to be used in connection with Mr. Haupt's logging business: Iron Horse Logging. He intends to use the proposed garage for the storage and service of equipment, including skidders, bulldozers, a tractor, a rototiller, a brush hog and chainsaws. In a subsequently filed narrative, Mr. Haupt also disclosed that he intended to use the proposed garage to store two personal vehicles.

3. In September of 2003, Appellee-Applicant applied for a zoning permit for the proposed project from the Braintree Zoning Administrator. Their application included a sketch of the proposed garage. The Zoning Administrator treated the application as one for a

---

[1] The parties to this proceeding are as follows:
  a.) Joyce R. and Don S. Stohl, Appellants, represented by Robert R. Bent, Esq.
  b.) Appellee-Applicants Kristen and Julia Haupt, represented by Peter M. Nolan, Esq.
  c.) Sherry L. and Bruce N. Tabor; Steve and Cindy Brown; and Patricia and Douglas Lawrence, all appearing *pro se* and all of whom have filed comments with the Court in support of the Haupt's request.
  d.) Town of Braintree, represented by Paul S. Gillies.

conditional use and variance, denied it and referred the application the Zoning Board of Adjustment (ZBA).[2]

4. On October 30, 2003, the ZBA addressed Appellee-Applicant's application. The ZBA ultimately determined that the application was incomplete and denied it without prejudice, granting Appellee-Applicant the right to resubmit a complete application, including a survey map. *See Appellant's Mot. for Summ. J., Exhibit D.*

*5.* On April 20, 2004, Appellee-Applicant submitted a second application for the proposed project. Attached to the application were a survey map, a two-page written statement, and an aerial photo. *See Appellant's Mot. for Summ. J., Exhibit E.*

6. On June 3, 2004, the ZBA considered the resubmitted application, viewing it solely as a request for a conditional use permit, which the ZBA then approved.

7. The record does not reveal whether a zoning permit for the proposed project issued. For the purpose of addressing the pending Motions only, we assume that one was not, as the Appellants timely filed this appeal from the ZBA's decision.

## Discussion

### I.  Collateral Estoppel & Res Judicata.

The first issue for determination is whether the permit should be denied because Appellee-Applicant's resubmitted application was substantially similar to their first application, which was denied by the ZBA. Appellants argue that Appellant-Applicants' resubmitted application is without material change from the first application, and consequently Appellee-Applicant should be barred under principles of res judicata and collateral estoppel from resubmitting an application for the proposed project. We disagree.

Principles of res judicata and collateral estoppel generally apply to the final determinations of municipal bodies in zoning cases. *In re Carrier, 155 Vt. 152, 157-58 (1990); see also Delozier v. State, 160 Vt. 426, 429 (1993) (noting that res judicata applies to the final judgments of an administrative body).* In the zoning context, the general rule in Vermont is that a zoning board or planning commission may not consider a second application regarding the same property after a previous application has been denied, unless a "substantial change of conditions had occurred or other considerations materially affecting the merits of the request

---

[2]  The Zoning Ordinance directs the Zoning Administrator to refer all matters involving discretion to the Planning Commission or ZBA. *§6.9 of the Zoning Ordinance.*

have intervened between the first and second applications*.*" *Id. at 158 (citing Sildby v. Allen's Blueberry Freezer, Inc., 501 A.2d 1290, 1295 (Me. 1985)).*

In the present case, the ZBA determined the first application was incomplete, and denied the application "without prejudice, granting the applicant the right to reapply providing more information including a survey map." *See, Appellant's Motion for Summary Judgment, Exhibit B.* Due to the first application's technical incompleteness, the ZBA did not render a final determination on the merits of the first application. Therefore, res judicata is not applicable, and Appellee-Applicant is not barred for resubmitting a complete application.

## II. Need for Site Plan Approval.

The next issue for determination is whether site plan approval is required before a zoning permit for the proposed project may issue. Appellant argues that the proposed project is not an accessory use to the primary use of the property (residential). Appellee-Applicant contends that the proposed project is an accessory structure and use to Appellee-Applicants' single family residential dwelling, and therefore does not require site plan approval.

*Section 6.17* of the Zoning Ordinance provides that "[n]o permit shall be issued by the Zoning Administrator for site development, except single and two family dwellings, seasonal shelters and accessory uses, until the Planning Commission grants Site Plan Approval." Thus, if the proposed project constitutes an accessory use, then site plan review is not required. If, however, the proposed project is not an accessory use, then site plan review is required.

An accessory use is defined as "a use customarily incidental and subordinate to the principal use*." §7.2 of the Zoning Ordinance.*

The proposed project is for the construction of a 32' x 50' 3-bay garage for the service and storage of work equipment used in connection with Appellant-Applicant's logging business. Appellee-Applicant's single family dwelling is the principal use and structure on their property. The proposed garage may be an accessory building to the single family residential dwelling[3]. However, the proposed use—the service and storage of equipment used in connection with

---

[3] The proposed garage is customarily incidental and subordinate to the single family dwelling principal building, and is located on the same lot. Nonetheless, the Zoning Ordinance does not require site plan approval for accessory structures, only accessory uses. Also, the property already has a garage, part of which houses a tanning business. The Zoning Ordinance does not appear to limit the number of accessory buildings or uses.

Appellee-Applicants' logging business—is commercial or entrepreneurial in nature, and as such is not customarily incidental and subordinate to the single family dwelling principal use. Thus, the proposed use is not an accessory use to the single family dwelling principal use.

The proposed use is more appropriately analyzed as a conditional use, as first determined by the Zoning Administrator. Applicable conditional uses in the R II zoning district include commercial uses under *Section 4.3(b)(13)* of the Zoning Ordinance, home enterprises under *Section 4.3(b)(17),* and a catch-all conditional use category as defined in *Section 4.3(b)(20).* A home enterprise is defined as "[a] business use conducted by the resident of the home on the same lot which meets the standards set forth in *Section 5.13* of this Ordinance, excluding junk yards and any activity that generates hazardous waste." *§ 7.2 of the Zoning Ordinance.* Appellee-Applicant's proposed use is a business conducted by the resident of the home on the same lot. However, it is unclear whether Appellee-Applicant's logging business "generates hazardous waste."[4]

Section 4.3(b)(20) of the Zoning Ordinance states that "[o]ther uses upon the determination by the [ZBA] that such use is of the same general character to other uses in the District, is consistent with the purposes of the District, and is compatible with adjoining land uses." In determining that the proposed project was a forestry and agricultural use under section 4.3(b)(20), the ZBA did not make findings with respect to the criteria under Section 4.3(b)(20). Such a determination may need to be made in this proceeding, should this matter go to a *de novo* merits hearing.

In any event, conditional uses, including commercial uses, home enterprises and conditional uses qualifying under section 4.3(b)(20), all require site plan review before a zoning permit may issue. § 6.17 of the Zoning Ordinance. Thus, it is our determination that Appellee-Applicants' project requires site plan approval before a zoning permit may issue under the Braintree Zoning Ordinance.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellants' Motion for Summary Judgment as to Question 1 is DENIED, and as to Question 2 is

---

[4] Hazardous wastes are defined and listed in the Vermont Administrative Code, §7-211, and do include petroleum based wastes from machines such as those used for logging, i.e. skidders, bulldozers, chainsaws.

GRANTED. Appellee-Applicant's Cross-Motion for Summary Judgment as to Question 1 is GRANTED, and as to Question 2 is DENIED. Appellee-Applicants' second Cross-Motion for Summary Judgment is also DENIED, as it's sole foundation was a favorable ruling on both Questions 1 & 2.

Done at Berlin, Vermont, this 8th day of April, 2005.

_____

Thomas S. Durkin
Environmental Judge